FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 2 0 2004

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELISE FARNHAM,<br><br>Plaintiff,<br><br>vs.<br><br>CRAWFORD & COMPANY.,<br><br>Defendant. | CIVIL ACTION<br>FILE NO. 1:04-CV-1427<br>TWT |

## COMPLAINT

Comes Now, Plaintiff Elise Farnham (Plaintiff or Farnham), through her counsel of record, Stephen M. Katz and for her Complaint, states as follows:

## JURISDICTION

1. This Court has jurisdiction over Plaintiff's claim under 29 U.S.C. § 626 *et seq*., 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3) and (4) in that this is an action (1) arising under the laws of the United States, and (2) to recover damages under an Act of Congress, (the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 626) providing for the Protection of Civil Rights.

FORMS RECEIVED
Consent To US Mag.
Pretrial Instructions
Title VII NTC

## VENUE

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that the claim arose entirely within the Northern District of Georgia.

## PARTIES

3. Plaintiff, Elise Farnham (Plaintiff or Farnham), lives within the Northern District of Georgia and is a person as defined by the ADEA.

4. Defendant Crawford & Company (Crawford & Company) is a corporation with its principal place of business in Georgia and is an "employer" as that term is defined in ADEA in that Crawford & Company employed fifteen (15) or more individuals in the current or preceding year.

## NATURE OF THIS ACTION

5. This is an action brought to recover damages as well as equitable relief (back pay, reinstatement, prejudgment interest, and injunctive relief), and attorneys fees, for a violation of the ADEA.

## CONDITIONS PRECEDENT

6. All conditions precedent necessary to invoke the subject matter jurisdiction of this Court, including, but not limited to, those conditions under ADEA have been

satisfied. Farnham timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). More than sixty (60) days has elapsed since Farnham filed her Charge of Discrimination with the Equal Employment Opportunity Commission.

**FACTS**

7. Farnham was employed by Defendant on May, 1973 and her employment was terminated on January 9, 2004.

8. Defendant ostensibly terminated Farnham due to a "reduction in workforce," as set forth in a Separation Notice with the Georgia Department of Labor on February 2, 2004. As of March, 2003 Farnham was head of a unit that produced all proposals for new and renewing business. She supervised five (5) individuals and coordinated responses with sales representatives and product specialists.

9. In March, 2003, Annette Sanchez was hired as Defendant's National Sales Manager.

10. In May, 2003, Ms. Sanchez indicated that Ms. Farnham would be placed in a sales position servicing Kansas, Missouri, North and South Dakota, Nebraska, Arkansas and Colorado effective June 1, 2003. As of that date Ms. Farnham would have no further involvement with the Proposal Unit.

11. Ms. Farnham's salary did not change and she was allowed to service her sales territory from Atlanta.

12. In September, 2003, at a sales meeting held in Florida, Sanchez reprimanded Farnham for being "too negative," but failed to cite any examples whatsoever. In November, 2003, Ms. Sanchez made comments about Ms. Farnham's performance, which comments were false.

13. In November, 2003, Ms. Sanchez was promoted to Executive Vice President for Risk Management Services upon the termination of Steven Festa, who also held the Executive Vice President position.

14. On January 6, 2004, Sanchez informed Farnham that Farnham's position had been eliminated because Farnham did not "live in her territory." When Farnham questioned Sanchez that the company had informed her that she did not need to live in her territory, Ms. Sanchez could not provide an answer.

15. Farnham wrote $500,000 of new business in six months, an exemplary performance. Sanchez made the decision to retain several younger, less qualified individuals whose performance did not equal Farnham's performance.

16. Farnham declined to sign the company's severance agreement. As a direct and proximate result of her termination, Farnham has lost wages and extensive employment benefits.

## CLAIM FOR RELIEF

## AGE DISCRIMINATION IN EMPLOYMENT ACT

17. Farnham repeats and realleges each and every allegation in paragraphs above as if fully set forth at length herein.

18. At all times relevant to this action Plaintiff has been and remains an individual over 40 years of age and is a person protected by the provisions of the ADEA.

19. Plaintiff was terminated from her position with Crawford & Company and replaced by a younger person not within the class of persons protected by ADEA.

20. Plaintiff's age was a motivating factor in Crawford & Company's decision to terminate her employment.

21. Crawford & Company's actions violate the ADEA. Crawford & Company's decision to terminate Farnham in violation of the ADEA was willful.

22. As a direct and proximate cause of the discrimination on the basis of age, Plaintiff has suffered and will continue to suffer lost wages and employment benefits which he is entitled to recover from Crawford & Company.

23. Crawford & Company's violation of the ADEA was willful. Accordingly, Plaintiff is entitled to have and recover a penalty equal to double of the lost wages she is otherwise entitled to recover.

24. Plaintiff is entitled to reinstatement to her former position or, in lieu thereof, front pay, together with prejudgment interest, costs, and attorney's fees.

**WHEREFORE**, Plaintiff demands relief as follows:

1. That process issue and that Crawford & Company be served according to law;
2. A finding and determination that Crawford & Company willfully violated the ADEA;
3. A permanent injunction reinstating Plaintiff to her former position and prohibiting Crawford & Company from discriminating against Plaintiff and other similarly situated individuals, or, alternatively, awarding Plaintiff Afront pay@ in an amount to be determined by the Court;
4. That Plaintiff recover from Crawford & Company back pay and benefits in an amount to be proven at trial, together with a penalty equal to double the back pay awarded Plaintiff;
5. That Plaintiff recover pre- and post-judgment interest;
6. That Plaintiff recover all taxable and non-taxable costs as well as attorneys fees as provided by law;
7. That Plaintiff have and recover **TRIAL BY JURY**;
8. That Plaintiff recover such other, further and different relief as this Court

deems appropriate.

This 20th day of May, 2004.

Respectfully submitted,

By: ______________________
Stephen M. Katz
Ga. Bar No. 409065

Suite 1102
4403 Northside Parkway
Atlanta, Georgia 30327
Telephone: 404.848.9658
Facsimile: 404.848.9904
E-Mail: smkatz@smk-law.com

ORIGINAL

# United States District Court

Northern District of Georgia

**ELISE FARNHAM,**

Plaintiff,

v.

**CRAWFORD & COMPANY,**

Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

1:04-CV-1427

TO: (Name and address of Defendant)

**Crawford & Company**
**CT Corporations**
**1201 Peachtree St. NE**
**Atlanta, GA 30361**

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)

Law Offices of
**Stephen M. Katz**
Attorneys and Counselors at Law
Suite 1102
4403 Northside Parkway
Atlanta, Georgia 30327

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

CLERK

MAY 20 2004

DATE

(By) DEPUTY CLERK