IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELISE FARNHAM,

   Plaintiff,

   v.

CRAWFORD & COMPANY,

   Defendant.

CIVIL ACTION FILE
NO. 1:04-CV-1427-TWT

OPINION AND ORDER

This is an employment discrimination action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 16]. For the reasons set forth below, the Defendant's Motion is GRANTED.

I.  BACKGROUND

Defendant Crawford and Company ("Crawford") is a Georgia corporation that provides insurance claim management services. Plaintiff Elise Farnham, a Georgia resident, began her employment with Crawford in 1973 as a clerk typist. She worked in numerous positions and numerous locations for Crawford from 1973 through January 1998. On or about January 31, 1998, Crawford terminated Farnham as part

T:\ORDERS\04\Farnham\msjtwt.wpd

of a reduction-in-force. Crawford paid Farnham severance and provided extra months of paid COBRA benefits for her years of service with the company.

On or about February 24, 2000, Crawford rehired Farnham to work as a National Account Executive ("NAE"). Farnham was forty-seven years old. In May 2003, Crawford eliminated Farnham's position within the company as part of another reduction-in-force. This time Crawford did not terminate Farnham. It transferred her to a NAE position with a different team. She reported to Annette Sanchez (44 years old[1]), who, in turn, reported to Steven Festa (44 years old), Executive Vice-President of the Risk Management Services division. All of the NAEs had the same job responsibilities – selling Crawford's services to clients through insurance brokers and consultants – but had different titles and were responsible for different geographical regions. Farnham's territory included Colorado, Missouri, Kansas, Oklahoma, Nebraska, Arkansas, South Dakota, North Dakota, and Iowa.

On January 6, 2004, due to declining revenue and increasing overhead costs, Crawford required every division of its corporate office to trim ten percent of its administrative costs. Ms. Sanchez selected Farnham as part of the reduction-in-force of the Risk Management Services division. Farnham was fifty-one years old on the

---

[1]All ages listed in parentheses are the employees' ages as of January 1, 2004, a date proximate to Farnham's termination from Crawford.

date of her termination. By eliminating Farnham's position, Ms. Sanchez reduced the number of NAE sales positions from nine to eight. Ms. Sanchez alleges that she chose Farnham's position for the reduction-in-force due to her geographic location in relation to her sales territory. Each of the other NAEs assigned to the central United States, which included Farnham's territory, lived in the region.[2] Farnham was the only NAE for Crawford who did not live in or near her assigned territory.

Since Farnham's termination, there have been only three other changes to Farnham's NAE team. Ms. Sanchez resigned in June 2004. In the fall of 2004, Terry Eichenseer (63 years old) retired, and Elizabeth Murphy (41 years old) resigned. In January 2005, Crawford hired two people, Ronald Plaster (53 years old) and Leland Herlache (51 years old) to replace Mr. Eichenseer and Ms. Murphy.

Farnham asserts a claim against Crawford for unlawful termination in violation of the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 626. Crawford moves for summary judgment. Farnham has failed to respond. The Court cannot enter summary judgment based solely on the adverse party's failure to respond. Trustees of Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating

---

[2] Terry Eichenseer (63 years old) was responsible for Michigan, Ohio, Kentucky, West Virginia, Virginia, and Western Pennsylvania and lived in Illinois. Nancy Parker (44 years old) handled Minnesota, Wisconsin, Illinois, and Indiana and lived in Illinois. Elizabeth Murphy (41 years old) was responsible for Texas, New Mexico, Oklahoma, and Louisiana and lived in Texas.

Employers v. Wolf Crane Serv., Inc., 374 F.3d 1035, 1039 (11th Cir. 2004).  Rather, the Court must consider the motion on its merits.  Id.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  DISCUSSION

Farnham asserts a claim for unlawful termination under the ADEA, 42 U.S.C. § 626, alleging that Crawford terminated her employment on the basis of her age.  Where, as here, a plaintiff is discharged in a reduction-in-force, the evidentiary framework differs from the normal disparate treatment case.  In this case,

the Plaintiff establishes a *prima facie* case of age discrimination by demonstrating (1) that she was in a protected age group and was adversely affected by an employment decision, (2) that she was qualified for her current position or to assume another position at the time of discharge, and (3) evidence by which a fact finder reasonably could conclude that the employer intended to discriminate on the basis of age in reaching that decision.

Watkins v. Sverdrup Tech., Inc., 153 F.3d 1308, 1314 (11th Cir. 1998); see Earley v. Champion Int'l Corp., 907 F.2d 1077, 1082 (11th Cir. 1990); McCorstin v. U.S. Steel Corp., 621 F.2d 749, 752 (5th Cir. 1980[3]) (declining to adopt the replacement component of the standard *prima facie* age discrimination test in a case involving a reduction in force).  Though Farnham meets the first two elements, she has failed to present any probative evidence to show discriminatory intent and has thereby failed to satisfy the third prong of her *prima facie* case.

Farnham fails to present any competent evidence to support her allegation that Crawford terminated her because of her age.  She asserts her sincere belief that she was outperforming other NAEs and that her age contributed to her termination.  It is well-settled that "an employee's own opinions about her qualifications do not give rise to a material factual dispute."  Lee v. GTE Fla., Inc., 226 F.3d 1249, 254 (11th Cir. 2000).  She also alleges that she was replaced by Nancy Parker (44 years old), who

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

is younger and allegedly less qualified than Farnham.  This is patently incorrect, though, as no one replaced Farnham; rather, one NAE position was eliminated in January 2004.  As a result of the reduction in force, Crawford divided Farnham's former territories among three existing NAEs.

The undisputed evidence presented by Crawford undermines any claim of discriminatory intent.  Crawford rehired Farnham at the age of forty-seven.  See Waldemar v. Am. Cancer Soc'y, 971 F. Supp. 547, 556-57 (N.D. Ga. 1996) (finding that "it hardly makes sense to hire workers from a group one dislikes . . . only to fire them once they are on the job").  The decisionmaker who terminated Farnham, Annette Sanchez, is also over forty years old.  See Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1471 (11th Cir. 1991) (recognizing heightened burden on plaintiff in age case where decision maker is in same protected class).  Of the eight NAEs retained after Farnham was terminated, six are over forty years old, and three are older than Farnham.[4]  Watkins, 153 F.3d at 1315 (citing retention of others in protected class as salient evidence of lack of age discrimination).  Finally, and most importantly,

---

[4]Indeed, the average age of the NAEs before the reduction in force was 47 and after the reduction in force was 46.5.  See EEOC v. McDonnell-Douglas Corp., 191 F.3d 948, 952 (8th Cir. 1999) (finding the relative age of the pre- and post-reduction workforce salient and determining that a 0.5 year difference did not support an age discrimination claim).

Crawford's two NAE hires in January 2005, Ronald Plaster and Leland Herlache, are fifty-three and fifty-one years old, respectively.

These undisputed facts, combined with Farnham's failure to provide any competent evidence of discrimination, bar any reasonable fact finder from concluding that Crawford intended to discriminate on the basis of age in deciding to terminate Farnham.  As Farnham fails to present a *prima facie* case of age discrimination, this Court need not reach the proffered reasons for her termination or whether such reasons are pretextual.  Summary judgment for Crawford is proper.

## IV.  CONCLUSION

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 16] is GRANTED.

SO ORDERED, this 6 day of June, 2005.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge